For plaintiffs: Louis V. Jackvony.
For defendant: Frank H. Bellin.

---

State
vs.            } Ind. No. 14543
Nathan L. Brown }

March 24, 1928

Hahn, J.   This is an indictment charging the defendant with the murder of Sergeant William A. Flynn of the Providence police force at No. 9 Booth Street, on February 11, 1928. After a trial lasting seven days, the jury found the defendant guilty of murder in the first degree and the present hearing is upon defendant's motion for a new trial.

The murder took place in the course of a raid on the premises at No. 9 Booth Street, Providence, the residence of the defendant, by virtue of a search warrant issued from the District Court of the Sixth Judical District. The raiding party consisted of Sergeant Flynn, Officer James H. O'Brien, (who was also killed), and Officer Joseph H. Cormick.

It appeared that certain sales of liquor had been obtained by the police at No. 9 Booth Street, and upon the basis of such sales a search warrant was issued. The defendant did not deny that liquor had been sold in his house previous to and on February 11th.

The State's case in this trial was based upon the testimony of various witnesses as to the happenings before and at the time of the shooting, as well as upon a statement made, signed and sworn to by the defendant on February 12th, in which he is alleged to have stated the circumstances surrounding the death of Sergeant Flynn. A conviction obtained upon either the facts testified by the witnesses for the State or the statement (State's Exhibit 24) made by the defendant would have been supported by sufficient evidence, and considered together, there is no question but that the jury were fully justified in finding the defendant guilty of murder in the first degree.

The petition for a new trial is based upon the grounds that the verdict is against the law and the evidence and the weight thereof, and the further ground that the jury misconceived or disregarded the instructions given them by the trial justice. There is no indication in this case that the jury misconceived or disregarded the instructions, which were that the jury must be satisfied beyond a reasonable doubt of the guilt of the defendant before a conviction could be had, and they were also fully instructed in relation to the statement made by the defendant on February 12th (State's Exhibit 24) and cautioned not to consider the same if they found that it was obtained by threats, inducements or promises.

It is the opinion of the Court that the verdict is not against the law or the evidence or the weight thereof; that the jury did not misconceive or disregard the instructions given by the trial justice, but that the verdict is amply sustained by the evidence.

Motion for new trial denied.

For state: Charles P. Sisson, Attorney General.

For defendant: Joseph G. LeCount, John B. Edwards, & James M. Stockett.